# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL DALE CORWIN,<br><br>Defendant. | No. CR05-4077-MWB<br><br>**DETENTION ORDER** |

This matter came on for detention hearing on June 27, 2005. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Michael Dale Corwin appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of ATF Special Agent Zane Dodds.

In the present case, Corwin is charged with possession of a sawed-off shotgun. The evidence before the court for purposes of the detention determination indicates Corwin admits he shot at least three shotgun shells toward a house in Sioux City, Iowa, and as many as twenty people were in the immediate vicinity at the time of the incident. One individual was injured when he was hit by a pellet from the shotgun.

The court must determine whether conditions of release can be imposed that will reasonably assure Corwin's appearance as required, and reasonably assure the safety of any other person and the community, "in a case that involves . . . a crime of violence." 18 U.S.C. § 3142(f)(1)(A). "Crime of Violence" is defined as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Numerous circuit courts of appeal, including the Eighth Circuit, have held that because sawed-off shotguns lack any usefulness except for violent purposes, possession of such weapons is inherently dangerous, presents a serious risk of physical injury, and therefore constitutes a "crime of violence." *See United States v. Allegree*, 175 F.3d 648, 651 (8th Cir. 1999); *United States v. Serna*, 309 F.3d 859 (5th Cir. 2002); *United States v. Johnson*, 246 F.3d 330, 334-35 (4th Cir. 2001); *United States v. Brazeau*, 237 F.3d 842, 845 (7th Cir. 2001); *United States v. Dunn*, 946 F.2d 615, 521 (9th Cir. 1991); *see also United States v. Fortes*, 141 F.3d 1, 6-8 (5th Cir. 1998) (possession of sawed-off shotgun is "violent felony" for purposes of Armed Career Criminal Act).

Thus, in the present case, the underlying "crime of violence" is the "making, receiving, or possessing" of the sawed-off shotgun. *See id.*

In considering whether conditions of release exist that will reasonably assure Corwin's appearance and the safety of other persons and the community, the court must take into account "the available information" concerning several factors, including the nature of the offense, the circumstances surrounding the offense, the weight of evidence against the defendant, the defendant's history and personal characteristics, and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

2

In the present case, the court has considered these factors and finds the Government has proved by clear and convincing evidence that no condition or combination of conditions exists that will reasonably assure the safety of other persons and the community if Corwin is placed on pretrial release. Of particular concern to the court is the fact that Corwin expressed a total lack of remorse following the incident, and that, on this record, he deliberately and with conscious intent loaded this break-open style shotgun, fired it toward a residence where people were present, removed the shell casing, reloaded, fired again, and then again removed the shell casing, reloaded, and fired. The circumstances of the incident underlying Corwin's arrest on the current charges are serious, and the weight of evidence against Corwin is compelling. The court finds Corwin should be detained to await trial.

Therefore, the court finds the following:

1. Corwin is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Corwin reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Corwin to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Corwin must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of June, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT